UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EARLIE B.A. BERRY, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>S. TUCKER, et al.,<br><br>Defendants. | CAUSE NO. 1:25-CV-236-HAB-SLC |

OPINION AND ORDER

Earie B.A. Berry, Jr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 and moves for leave to proceed in forma pauperis. (ECF 1, 2.) He separately moves for the case to immediately advance to screening under 28 U.S.C. § 1915A. (ECF 5.) However, court records reflect that Berry has incurred three or more "strikes" for filing lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim.[1] *See Berry v. Allen County Sheriff's Office, et al.*, No. 1:10-CV-132-RM (N.D. Ind. closed Aug. 9, 2010) (counting strikes and informing Berry of three-strike status).

An inmate who has "struck out" under 28 U.S.C. § 1915(g) "can use the partial prepayment option in § 1915(b) only if . . . he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28

---

[1] Specifically, he incurred strikes in the following cases, all of which were dismissed under 28 U.S.C. § 1915A: *Berry v. Donahue*, No. 3:07-CV-42 (N.D. Ind. closed Feb. 9, 2007); *Berry v. Knight*, No. 1:07-CV-120 (S.D. Ind. closed Feb. 21, 2007); *Berry v. Donahue*, No. 1:07-CV-226 (S.D. Ind. closed Feb. 28, 2007); *Berry v. Anderson*, No. 1:07-CV-230 (S.D. Ind. closed Feb. 28, 2007); *Berry v. Knight*, No. 1:07-CV-231 (S.D. Ind. closed Feb. 28, 2007); *Berry v. Butts*, No. 1:07-CV-232 (S.D. Ind. filed Feb. 21, 2007); *Berry v. Barr*, No. 1:07-CV-233 (S.D. Ind. closed Feb. 27, 2007); and *Berry v. Perkins*, No. 1:07-CV-234 (S.D. Ind. closed Feb. 28, 2007).

U.S.C. § 1915(g)). In order to meet the imminent danger standard, the threat complained of must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Id.* In plain terms, only "genuine emergencies" qualify as a basis for circumventing 28 U.S.C. § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, "[c]ourts don't accept allegations of danger uncritically." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017). Courts will deny leave to proceed where imminent danger allegations "are conclusory or ridiculous, or where they concern only past injuries." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

Berry is currently being held at the Allen County Jail on criminal charges. His complaint purports to be brought on behalf of himself and five other plaintiffs. (ECF 1.) The complaint alleges that the City of Fort Wayne has an official policy, endorsed by the Mayor, the Governor of Indiana, and other high-ranking officials, to violate the Fourth and Fifth Amendment rights of persons, like Berry, with a prior criminal record. He claims that because of this policy, he was arrested without probable cause for possession of a crack pipe that he "never touched" and his *Miranda* rights were violated in some unspecified way by the arresting officer.

These claims do not implicate an imminent danger of serious physical injury. Additionally, Berry cannot proceed on behalf of other individuals since he is not an attorney. *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) (pro se litigant may not litigate on behalf of another person in federal court). His motion to represent a class of

2

plaintiffs (ECF 4) will be denied, and all plaintiffs besides Berry will be dismissed from the case.[2]

Although the bulk of the complaint pertains to the unlawful policy claims, at the end of the complaint Berry describes personal problems he is having at the jail. He claims he has not been given orthopedic shoes that he wears for a foot problem. While this may be uncomfortable, the court concludes that it does not establish imminent danger of serious physical injury. He further alleges that he is being denied treatment for asthma, causing him to have repeated asthma attacks, and is being served foods to which he is allergic, including eggs and soy. He claims that if he eats these foods, it causes his throat to swell. The court finds that these allegations satisfy the imminent danger exception. Berry plausibly alleges that he is not being provided with adequate food or medical care as required by the Fourteenth Amendment. *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022); *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015).

Berry has not named any defendant in connection with these claims, and instead all 13 defendants are police officers or high-ranking officials who were allegedly involved in the unlawful municipal policy. Although he has not named a defendant who could be held liable for damages for denying him food or medical care, the

---

[2] The court notes that these individuals did not sign the complaint in accordance with Federal Rule of Civil Procedure 11, and Berry is the only one who filed an in forma pauperis motion. The court declines to infer that the other plaintiffs assented to the filing of the complaint, which would obligate them to pay the entire filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (concluding that a prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff"). Should they wish to proceed with the claims Berry outlines, they are free to do so by filing their own complaint and in forma pauperis motion in a new case.

3

Warden of the Allen County Jail is an appropriate person to ensure Berry receives medical care and a medically appropriate diet in accordance with the Fourteenth Amendment. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Berry's motion to advance the case to screening will be granted (ECF 5), and he will be permitted to proceed under 28 U.S.C. § 1915A against the Warden in his official capacity for injunctive relief related to his need for medical care and a diet that omits foods to which he is allergic. His other claims will be dismissed without prejudice.[3]

Berry has not formally moved for a preliminary injunction, but the court is required to construe his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). He claims to have a pressing medical need that is not being addressed, causing him ongoing breathing problems, and a serious concern with the food he is being served. He asks to be provided with an inhaler and other treatment, and to be given a special diet that omits foods that threaten his health. The court will infer a request for a preliminary injunction in his complaint.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he

---

[3] The court finds dismissal the most appropriate course rather than giving Berry time to pay the filing fee so that he can proceed with claims that do not satisfy the imminent danger exception. Even if Berry were to pay the filing fee, his unlawful municipal policy claims are not sufficiently related to his claims about being denied adequate food and medical care at the jail to proceed in the same lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

4

is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—like the one Berry seeks—are viewed with particular caution and are "sparingly issued[.]" *Mays*, 974 F.3d at 818. Additionally, in the prison context, the court's ability to grant injunctive relief is limited; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to

5

correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

At present, the court only has Berry's version of events and it is difficult to assess on this limited record whether he is likely to succeed in proving his claim. In light of the limitations on granting injunctive relief in the correctional setting, the court will obtain a response from the Warden before taking further action on Berry's request for a preliminary injunction.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Allen County Jail as a defendant;

(2) DIRECTS the clerk to separately docket the complaint (ECF 1) as a motion for a preliminary injunction;

(3) DENIES the plaintiff's motion to proceed on behalf of other inmates (ECF 4);

(4) GRANTS the plaintiff's motion to advance the case to screening (ECF 5);

(5) GRANTS the plaintiff leave to proceed against the Warden of the Allen County Jail in his official capacity to obtain medical care for asthma and a diet that omits foods which cause him an allergic reaction as required by the Fourteenth Amendment;

(6) DISMISSES Tor'A L. Allums, Jujuan Burley, William Ervin, Juma Y. Haywood, and Courtney G. Benson as plaintiffs without prejudice to their ability to file their own lawsuits;

(7) DISMISSES the plaintiff's claims against S. Tucker, Eric Holcomb, Robert E. Carter, Chief of Police, J. Yoder, McEachern, Jason Brown, Kolyn Diller, M. Cutler,

Gynn Mason, Jacob Sherman, J. Roy, and Kurt Franceus without prejudice pursuant to 28 U.S.C. § 1915(g);

(8) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of the Allen County Jail by email to the Allen County Sheriff's Department with a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(9) DIRECTS the clerk to fax or email a copy of the same documents to the Warden at the Allen County Jail;

(10) ORDERS the Allen County Sheriff's Department to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(11) ORDERS the Warden to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **July 11, 2025**, with supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's medical needs and the diet he is receiving; and

(12) ORDERS the Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 21, 2025.

s/ Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT