UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EARLIE B.A. BERRY, JR., et al., | |
| Plaintiffs, | |
| v. | CAUSE NO. 1:25-CV-236-HAB-SLC |
| S. TUCKER, et al., | |
| Defendants. | |

OPINION AND ORDER

Earlie B.A. Berry, Jr., a prisoner without a lawyer, moves for a preliminary injunction related to the food and medical care he is receiving at the Allen County Jail. (ECF 8.) The court ordered a response to the motion by the Warden of the Allen County Jail, which has now been filed. (ECF 19.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally

includes a demonstration of how the applicant proposes to prove the key elements of [his] case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant"—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional setting).

As outlined in the screening order, Berry claims that he is being denied treatment for asthma and is being served foods to which he is allergic, including eggs and soy.

2

(ECF 7.) He claims that if he eats these foods, it causes his throat to swell. (*Id.*) He is proceeding solely on a claim against the Warden in his official capacity for prospective injunctive relief related to these issues.[1] (*Id.*)

Because Berry is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment's Due Process Clause "prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation and internal quotation marks omitted). To establish a Fourteenth Amendment violation, a plaintiff must prove:

> (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays*, 974 F.3d at 819. Negligence, even "gross negligence," does not violate the Fourteenth Amendment. *Miranda*, 900 F.3d at 353-54.

Pretrial detainees are also entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of this right, a detainee must prove: "(1) there was an

---

[1] Berry asserted several other claims in his complaint, but he is three-struck under 28 U.S.C. § 1915(g), and the court concluded that the food and medical care claim was the only one that implicated an imminent danger of serious physical injury. (ECF 7.)

objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). Again, it is not enough for the plaintiff to establish "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

The Warden argues that preliminary injunctive relief is not warranted and has submitted Berry's medical records and other documentation in support. (ECF 19.) Those records reflect that Berry arrived at the jail on April 9, 2025. (ECF 19-1, Butler Aff. ¶ 4.) During Berry's initial medical screening, he reported allergies to eggs, soy, and beans. (ECF 19-2, Carper Aff. ¶ 16.) He also reported suffering from asthma. (*Id*). However, medical personnel at the jail have been unable to independently verify a diagnosis regarding food allergies or asthma, or any active prescription or order for an inhaler from any area pharmacies or medical providers. (*Id.* ¶¶ 16-18). Nevertheless, Berry was placed on a special diet that avoided eggs, soy, and beans. (ECF 19-1, Butler Aff. ¶ 8.) Berry was not given an inhaler because his breathing was found to be normal. (ECF 19-2, Carper Aff. ¶¶ 16-18.)

During his detention Berry has twice reported suffering allergic reactions to food he was served. (*Id.* ¶¶ 20-22.) Medical staff have not witnessed these events, and when evaluating him after his reports, they found no medical evidence of an allergic reaction

4

such as throat swelling, enlarged lymph nodes, labored breathing, or other symptoms. (*Id.* ¶¶ 19-20.)

In deciding the present motion, the court is not required to simply accept Berry's assertions that he has asthma and food allergies. *Doe*, 43 F.4th at 791. It is notable that jail medical staff have been unable to independently verify these conditions, even by contacting pharmacies where he claimed to have a prescription. (*See* ECF 19-2, Med. Records at 13.) It is also notable that during prior incarcerations at the jail, Berry has been somewhat inconsistent in his claims of having asthma and food allergies.[2] (*Id.* at 5-8.)

In his reply, Berry argues twenty-two officers have responded to his allergy / medical requests and he asks to subpoena them. ECF 21 and 22. He says he has at least thirty request forms he would submit if he could get them from his GTL tablet. However, neither the request forms or the testimony of the officers is necessary because there is no indication they will provide any more (or different) information than Berry has already.

Assuming Berry suffers from the conditions he alleges, the present record reflects that jail medical staff have taken his self-reported issues seriously. They have ordered he not be served food to which he says he is allergic. Even assuming he is being served those foods anyway, medical evaluations have concluded he was not suffering from an

---

[2] For instance, during jail intakes in September 2022 and September 2023, he reported food allergies but did not mention asthma. (ECF 19-2, Med. Records at 2-6.) He has also sometimes reported different foods as causing him problems. (*Id.*)

5

allergic reaction and does not require an inhaler or other medication.[3] Berry alleges he sometimes needs to use a paper bag to control his breathing. That is a method of calming an anxiety attack, but not evidence of an allergic reaction to food. *See* UCLA Health, *Breathing Into A Paper Bag Can Calm Anxiety Attack*, https://www.uclahealth.org/news/article/breathing-into-a-paper-bag-can-calm-anxiety-attack.

Berry has not demonstrated a likelihood of success in proving that jail staff are acting in a manner that is objectively unreasonable under the circumstances with respect to his food and medical care. *Gonzalez*, 40 F.4th at 828. Nor has he demonstrated that he will suffer irreparable injury if he is not granted emergency injunctive relief before his claims are resolved.

For these reasons, the plaintiff's motion for a preliminary injunction (ECF 8) is DENIED.

SO ORDERED on July 23, 2025.

Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] The court notes that Berry was given Mucinex after he reported having excess mucus; he requested an inhaler, but his lungs were found to be clear. (ECF 19-2 at 17.) He has also been provided with medication for unrelated medical problems including mental health issues, stomach problems, and tooth pain. (*Id.* at 13-14.) Medical records reflect that during an incident in July 2025, he was given a pain medication but refused to swallow it when directed by the nurse and ran out of the medical unit before the issue could be resolved. (*Id.* at 14.)